## STATE ex VUYKOV v BOLLINGER

Ohio Appeals, 9th Dist, Summit Co
No. 1930. Decided June 11, 1931

A. S. Greenbaum, Akron, for Vuykov.

A. B. Underwood, Dir. of Law, and A. J. Russell, Ass't Dir. of Law, of Akron, for Bollinger.

## PER CURIAM

At the instance and direction of the trial court, certain papers were introduced from the Municipal Court of the city of Akron, which the court found constituted a record of the proceedings of said court. One of said documents was the "report of arrest," evidently made by a police officer, in lead pencil upon a piece of memorandum paper, which memorandum does not purport to have been prepared by an officer of the court and which we find does not contain any of the elements of the record of a judgment of a court, and there was also introduced copies of some notations upon an appearance docket, evidently made by an officer of the court, but they do not constitute the entry of a judgment upon the records of a court. They may indicate that some judicial action was taken, but do not amount to the entry of a judgment in such form as to justify the refusal to hear evidence to determine exactly what was done by the Municipal Court. In other words, the evidence which the plaintiff in error desired to offer, would not have been in contradiction of a public record of a judgment entered in due form, because there was no such record.

When there is a direct attack involving the question of what judgment was rendered, and there is no formal journal record of the judgment but only appearance docket notations, parol evidence is admissible to prove that the court did not render the judgment claimed.

In this case the plaintiff in error claimed that he had paid in full whatever judgment had been rendered, and that he had been discharged; and in view of the absence of a record of a judgment in the case, he should have had an opportunity to prove that claim.

" 'While in one sense a judgment is "rendered" when it is announced by a judge, yet until that judgment is entered of record there is no competent evidence of such rendition. It cannot exist or be dependent upon the memory of the officers of the court or any memorandum not embraced in the record, which the law provides shall be made.' The court speaks through its journal and a judgment is not rendered until it is reduced to a journal entry. 'Slight reflection will show the necessity of this rule. Otherwise doubt and controversy would constantly arise as to what the judgment or order of the court and its date were'."

1 Freeman on Judgments (5th ed.), Sec. 49.

For error in the rejection of evidence, the judgment is reversed and the cause remanded.

PARDEE, PJ, WASHBURN, J, and FUNK, J, concur.